# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

In re

**DOROTHY M. CONNOLLY,**

                              **Debtor**

**Chapter 7**
**Case No. 04-13263-RS**

## MEMORANDUM OF DECISION ON
## TRUSTEE'S OBJECTION TO
## PROOF OF CLAIM OF TOWN OF NORTH ATTLEBORO

By the proof of claim it filed in this case, the Town of North Attleboro asserted a secured

claim for real estate taxes in the amount of $5,026.57. The Chapter 7 Trustee, Stephen Shamban,

has objected to the Town's proof of claim and asked that it be disallowed as a claim against the

estate. He argues that, insofar as the Town has a lien on the collateral, it should exhaust that

source of payment before seeking to participate in assets of the estate. The Town has not

responded or objected to the Trustee's proposed disallowance of the claim, but the Debtor has

objected. She argues that the Town's claim is a priority claim and should be allowed and paid as

such from assets of the estate. For the reasons set forth below, the Court will sustain the

Trustee's objection, allowing the claim as a secured claim against the collateral but disallowing it

as a priority claim against the estate.


### Facts and Procedural History

The Debtor, Dorothy Connolly, and her son own the real property at 407 High Street,

North Attleboro, Massachusetts, as joint tenants. The property serves as the Debtor's residence.

It is subject to only two liens: a first-priority statutory lien for real estate taxes in favor of the

Town of North Attleboro in the amount of $5,026.57; and a mortgage in the amount of

$53,383.12. The value of the property is unclear: the Debtor values her one-half interest at

$100,000; the Town appraises the property as a whole at $146,000 for its tax purposes.   In any event, the value clearly exceeds the sum total of liens on the property by a margin of at least $80,000.   The Debtor has claimed all equity in the property as exempt under the Massachusetts homestead statute, G.L. c 188, § 1A; the Trustee did not object to her claim of exemption, and therefore the objection is now deemed allowed.  Though the Trustee has not yet abandoned the property, the estate has no equity in it, and the Trustee does not intend to liquidate it; at the close of the case, he will effectively abandon it to the Debtor.

The Debtor filed her petition for relief under Chapter 7 of the Bankruptcy Code on April 19, 2004.  Her bankruptcy estate is modest in size, holding approximately $7,000, but allowed claims against it are likewise modest: aside from the claim at issue and the Trustee's and his counsel's administrative expenses, allowed unsecured claims total between $7,000 and $8,000.  If the Town's claim is disallowed, general unsecured creditors will receive a substantial distribution; but if the Town's claim is allowed and paid as a priority claim, general unsecured creditors will receive little or no distribution.

The Debtor would not under any scenario receive a surplus from the estate, but she nonetheless has a financial stake in the treatment of this claim.  First, insofar as the taxes owing to the Town constitute a statutory lien on the property under Massachusetts law, payment of the claim would eliminate the lien and increase her equity in the home.  Second, to the extent that the tax claim is excepted from discharge, payment of the claim by the estate would eliminate a continuing personal liability of the Debtor.  Third, if the Trustee does not pay the tax claim from assets of the estate, the mortgagee likely will pay the claim and then seek to recoup it from the Debtor by escrow charges; the Debtor contends that this would result in her default and the mortgagee's institution of foreclosure proceedings.

In its proof of claim, the Town asserts only a secured claim. The proof of claim does not contend that the taxes qualify for priority status. The Town attached to its claim a single-page "Account Status Report" (ASR), dated September 27, 2004, that appears to itemize components of the Town's claim. According to the ASR: (1) some of the tax, approximately $1420, first became payable postpetition; (2) another $1300 first became payable more than a year before the Debtor filed her bankruptcy petition; and (3) the claim includes approximately $420 in interest, but the ASR does not specify when the interest accrued (before the Debtor's bankruptcy filing or after).

The Court held a hearing on the Trustee's objection to claim. Neither party offered evidence as to the nature of the claim; and neither party requested that the Court schedule an evidentiary hearing on the Trustee's objection.

## Discussion

The Court begins with the observation that the proof of claim at issue asserts only a secured claim, not a priority claim and not an unsecured claim. The Debtor contends that the Town's claim qualifies for priority status, but the Debtor has not filed a proof of claim on behalf of the Town (as perhaps she might have done under 11 U.S.C. § 501(c)). Insofar as the assertion of priority status was made for the first time in Debtor's response to the Trustee's objection to claim, the Trustee has had no opportunity and, more importantly, no obligation to object to the alleged priority status. Therefore, the Debtor's assertion of priority status for the claim does not enjoy the prima facie validity usually accorded to properly-filed proofs of claim. Though the Trustee has not complained of lack of opportunity to object—he has articulated his objection to the Debtor's argument for priority status—it is also clear that he bears no initial burden of

3

rebutting prima facie validity. The burden of proof here rests entirely on the Debtor.

The Debtor's position is based on the unstated assumption that, insofar as the Town's claim is an in personam liability of the Debtor, the claim, being a claim for property taxes, necessarily enjoys priority status under 11 U.S.C. § 507(a)(8)(B). That assumption is not well founded. Priority status extends only to those property taxes that were both (a) "assessed before the commencement of the case" and (b) "last payable without penalty after one year before the date of the filing of the petition." 11 U.S.C. § 507(a)(8)(B). The Debtor has not alleged that the taxes in question satisfy these requirements; she has supplied no discussion of the applicable state law as to when such taxes were assessed and when such taxes were last payable without penalty. Nor has the Debtor adduced evidence as to either requirement or requested an opportunity to do so. It is not self-evident that the taxes in question, or any definite portion thereof, satisfy these requirements. Therefore, the Debtor has not sustained her burden of proof as to the priority status of these claims, and priority treatment must be denied.[1] Accordingly, the Court will enter a separate order that sustains the Trustee's objection by allowing the Town's claim as a secured claim only and limiting the Town's recovery to its collateral, at least until after the Town has exhausted that source of recovery.[2]

Date: December 2, 2005

Robert Somma
United States Bankruptcy Judge

cc: Steven Shamban, Esq., Chapter 7 Trustee
Mark S. Machado, Esq., for Debtor

---

[1] In reaching this conclusion, the Court assumes without deciding that the Debtor has standing to be heard on the Trustee's objection to the Town's claim.

[2] See 11 U.S.C. § 502(b)(3).

4